UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FT MYERS DIVISION

In re:
Randall E. Allen                                    Case No.:9:08-bk-16782-ALP
Debtor
Social Security No.: XXX-XX-8755                    **SECOND AMENDED**
                                                    **Chapter 13 Plan**

Lesleigh D. Allen
Debtor
Social Security No.: XXX-XX-8920

## PLAN SUMMARY SECTION

| | |
|---|---|
| **A. Priority Claims:** | |
| IRS | **$23,800.00** |
| **B. Secured Claims:** | |
| N/A | **-0-** |
| **C. Adequate Protection:** | |
| N/A | **-0-** |
| **D. Unsecured Claims** | **$ 2,700.00** |
| **E. Attorney's Fees** | |
| 1. Attorney's fees | **$    700.00** |
| SUBTOTAL | **$27,200.00** |
| **F. Trustee's fees (5%)** | **$ 3,025.00** |
| **TOTAL** | **$30,225.00** |

60 Months x $ 504.00  Per Month = $ 30,225.00

## CHAPTER 13 PLAN

**PLAN PAYMENTS AND LENGTH OF PLAN:** The projected disposable income of the
Debtor(s) is submitted to the supervision and control of the Trustee. The Debtor(s) shall pay the
Trustee by money order or cashier's check following the filing of this chapter 13 plan the sum of
$ 504.00   for 60 months. Each pre-confirmation plan payment shall include all adequate
protection payments made pursuant to 1326(a)(1)(C).

**CLAIMS GENERALLY:** The amounts listed for claims in this Plan are based upon Debtors
best estimate and belief. The Trustee shall only make payment to creditors with filed and allowed
proof of claims. An allowed proof of claim will be controlling, unless the Court orders otherwise.
Objections to claims may be filed before or after confirmation, according to the limitations set
forth in the Courts Order Establishing Duties.

**ADMINISTRATIVE CLAIMS:** Trustee will pay in full allowed administrative claims and
expenses pursuant to 507(a)(2) as set forth below, unless the holder of such claim or expense has
agreed to a different treatment of its claim.

**NONE**                              1

**TRUSTEE FEES:** Trustee shall receive a fee for each disbursement, the percentage of which is fixed periodically by the United States Trustee.

## ATTORNEYS FEES FOR DEBTOR'S COUNSEL PAID IN PLAN:

**Total Amount of Attorneys Fees: $2,300.00**
**Amount Paid Through Plan:      $  700.00**

The allowed attorney's fees shall be paid in full before the allowed claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts, and allowed priority and unsecured claims.

## PRIORITY CLAIMS:

**(A) Domestic Support Obligations:** Debtor(s) is required to pay all post-petition domestic support obligations directly to the holder of the claim. Unless otherwise specified in this Plan, the following priority claims under 11 U.S.C.507(a)(1), domestic support obligations, will be paid in full pursuant to 11 U.S.C. 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

| Name of Creditor | Total Est. Claim | Estimated Payment |
|---|---|---|

**NONE**

Pursuant to 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit, and/or not assigned to said entity for the purpose of collection.

**Claimant and Proposed Treatment:**

**NONE**

**(B) Other Priority Claims (e.g., tax claims):** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| Name of Creditor | Total Est. Claim | Estimated Payment |
|---|---|---|
| **Internal Revenue Service** | **$23,800.00** | **$23,800.00** |

## SECURED CLAIMS:

The regular monthly contractual payments owing on all secured claims, including the secured claims owing mortgage creditors, shall be paid through the Plan as part of the Plan payment to the Chapter 13 Trustee. The Debtor(s) may, if current in payments to an individual secured creditor or lessor, elect to file a motion seeking leave of court to the make direct payments to that creditor.

2

**Pre-Confirmation Adequate Protection Payments:** No later than 30 days after the date of the filing of this Plan or the Order for Relief, whichever is earlier, the Debtor(s) shall make the following adequate protection payments to creditors pursuant to 11 U.S.C. §§(x)(x)(C)(iii) II:

| Name of Creditor | Total Est. Claim | Ad. Protection Payment Directly to Creditor |
|---|---|---|
| **GTE Federal Credit Union** | **$ 1,316.00** | **$ 399.28 per month** |

**(A) Claims Secured by Real Property Which Debtor(s) Intends to Retain / Mortgage Payments Paid Through the Plan:** Debtor(s) will pay, in addition to all other sums due under the proposed Plan, all regular monthly post-petition mortgage payments to the Trustee as part of the Plan. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the post-petition mortgage payments on the following mortgage claims:

| Name of Creditor/Security | Total Est. Claim | Estimated Payment |
|---|---|---|

**NONE**

**(B) Claims Secured by Real Property Which Debtor(s) Intends to Retain / Arrearages Paid Through the Plan:** In addition to the provisions in Paragraph A above requiring all post-petition mortgage payments to be paid to the Trustee as part of the Plan, the Trustee shall pay the pre-petition arrearages on the following mortgage claims:

| Name of Creditor/Security | Total Est. Claim | Estimated Payment |
|---|---|---|

**NONE**

**(C) Claims Secured by Real Property That is Debtor's Principal Residence Which Debtor(s) Intends to Retain and Pay the Mortgage Payments Directly to Creditor:** Debtor(s) will pay, in addition to all other sums due under the proposed Plan, all regular monthly post-confirmation mortgage payments directly to following mortgage claims as part of the Plan.

| Name of Creditor/Security | Total Est. Claim | Estimated Payment |
|---|---|---|

**NONE**

**(D) Claims to Which 506 Valuation is NOT Applicable:** Debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within one year of filing. Upon confirmation of the Plan, the interest rate and value shown below or as modified will be binding unless a timely written objection to confirmation is

3

filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds. Upon timely written objection filed by a creditor, the Debtor(s) may elect to surrender the property to creditor in full satisfaction of the value of the collateral indicated in the creditors claim.

| Name of Creditor/Security | Ad. Prot Pmt. In Plan/Value | Int. Rate | Total to be Pd. |
|---|---|---|---|
| GTE Federal Credit Union/ 2001 Ford Excursion | Contract | Contract | Contract |

**(E) Claims to Which 506 Valuation is Applicable:**

| Name of Creditor/Security | Ad. Prot Pmt. In Plan | Value | Int. Rate | Total to be Pd. |
|---|---|---|---|---|

NONE

**(F) Secured Claims on Personal Property  Balance Including any Arrearage Paid in Plan:**

| Name of Creditor/Security | Est. Amount | Int. Rate | Total to be Paid |
|---|---|---|---|

NONE

**Surrender of Collateral:** Debtor(s) will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtors state law contract rights.

| Name of Creditor | Collateral to be Surrendered |
|---|---|
| GTE Federal Credit Union | 2000 Volvo 660 |
| Wilshire Credit Corporation | 23383 Weaver Avenue, Port Charlotte, FL |
| Citi Mortgage Corporation | 23383 Weaver Avenue, Port Charlotte, FL |
| HSBC Bank (eCAST Settlement Corp.) | All personal property subject to security interest. |

**SECURED LIENS TO BE AVOIDED:**

| Name of Creditor/Security | Estimated Amount |
|---|---|

NONE

**LEASES/EXECUTORY CONTRACTS:**

| Name of Creditor/Security | Assume/Reject | Estimated Arrears |
|---|---|---|

4

**NONE**

**OTHER CREDITORS PAID IN FULL IN PLAN:**

**Name of Creditor/Description**                                    **Estimated Amount**

**NONE**

**UNSECURED CREDITORS:** Unsecured creditors with allowed claims shall receive a pro rata share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid pursuant to the provisions of a subsequent Order Confirming Plan. The estimated percentage dividend to unsecured creditors is unknown.

**OTHER PROVISIONS:**

1. Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims;
2. Payments made to any creditor shall be the amount allowed in a proof of claim filed by the creditor or other amount as may be allowed by a specific Order of the Bankruptcy Court.
3. Property of the estate shall not vest in Debtor(s) until the earlier of Debtors discharge or dismissal of this case, unless the Court orders otherwise.

## DECLARATION

I, Randall E. Allen, and I, Lesleigh D. Allen, named as the debtor in this case, declare under penalty of perjury that I have read the foregoing Chapter 13 Plan, consisting of 6 sheets, and that it is true and correct to the best of my information and belief.

Signature: _____ Date: 9/29/09
Randall E. Allen

Signature: _____ Date: 9/29/09
Lesleigh D. Allen

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the Chapter 13 Plan has been served electronically or by regular U.S. mail to the debtors, Randall E. Allen and Lesleigh D. Allen, 12926 County Road 138, Bay Minette, AL 36507; United States Trustee, 501 E. Polk Street, Ste. 1200, Tampa, FL 33602; and Chapter 13 Trustee, Jon M. Waage, P.O. Box 25001, Bradenton, FL 34206 this _____ day of October, 2009.

Benjamin G. Martin
Attorney at Law
1620 Main Street, Suite One
Sarasota, Florida 34236
(941) 951-6166
Florida Bar No. 464661